Roosevelt, Justice.
The house, it was stipulated, was £<to be finished complete;” and the proof shows that it was so in a few days after the contract was signed. Still, the purchaser did not make, nor offer to make, the second, and of course hot the last, payment. He seems to have relied upon the assumed doctrine—unfortunately too prevalent—that “ time is never of the essence of'a contract,” and to have treated as a dead letter the express stipulation, that the deed was only to be given “ on receiving payment at the. time and in the manner above mentioned,.” The vendor, however, viewing the matter in a different light, after waiting several months, selected another purchaser ; and having made with him a contract, and delivered to him possession, now asks that the record of the agreement previously entered into and not complied with, may be cancelled; and that the cloud upon his title, which that record creates., and in consequence of which part of the consideration is withheld, may be removed.
To which of the purchasers, then—for that is, in effect, the question—ought the title of this house to be given % to the one in possession, who has fulfilled, and stands ready to fulfill to the letter, or to the one out of possession, who neglected to pay at the time stipulated, and who, although talking of his willingness, does not even now offer to bring the money into court.
It seems to me perfectly clear, under the circumstances, that the defendant is not entitled to a specific performance, and, as the legitimate converse of the proposition, that the plaintiff is entitled to relief. Should the defendant, notwithstanding his default, deem himself entitled to recover back the $300, he may test that question by a suit for damages. The record of the contract is not necessary for that purpose, and its cancel *281 ment will not prejudice his claim, if otherwise well founded. I do not wish, however, in this remark, to be considered as giving any encouragement to such a suit. In my view of the law, a person selling real estate has the same right to make punctuality in time, as he has sufficiency in amount, a condition precedent; and that it is as much “ the duty of the courts,” as the Revised Statutes express it, (1 R. S. 748,) “to carry into effect the intent of the parties,” in one respect, as in the other. There is a most essential difference—although the two things have sometimes been confounded—between relieving against the forfeiture of a right already vested, and dispensing with the conditions of a right which, without such conditions, had never accrued. The former is an exercise of the necessary jurisdiction of a court of equity, the latter, a mere assumption of arbitrary, and, in my view of the statute, of prohibited power.
A decree must, therefore, be entered, directing the record of the first contract to be cancelled ; and also awarding costs and an extra allowance to the plaintiff, unless the defendants stipulate not to bring an action for damages to recover back the instalment of $300 paid on signing the papers.